IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SIMON,           | : | |
|     **Plaintiff** | : | |
| | : | No. 1:21-cv-970 |
| v. | : | |
| | : | (Judge Rambo) |
| PAM SMITH, *et al.*, | : | |
|     **Defendants** | : | |

## ORDER

**AND NOW**, on this 1st day of July 2021, in accordance with the Memorandum issued concurrently with this Order, **IT IS ORDERED THAT**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 7) is **GRANTED**;

2. Plaintiff shall pay the full filing fee of $350.00, based on the financial information provided in the application to proceed *in forma pauperis*. The full filing fee shall be paid regardless of the outcome of the litigation;

3. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent/Warden, or other appropriate official at Plaintiff's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

    a. The average monthly deposits in the inmate's prison account for the past six months, or

    b. The average monthly balance in the inmate's prison account for the past six months.

    The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in Plaintiff's inmate trust fund account exceeds $10.00, the Superintendent/Warden, or other appropriate official, shall forward

payments to the Clerk of Court equaling 20% of the preceding month's income credited to plaintiff's inmate trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number;

4. The Clerk of Court is directed to forward a copy of this Order to the Superintendent/Warden of the institution where Plaintiff is presently confined;

5. The complaint (Doc. No. 1) is **DEEMED FILED**;

6. Plaintiff's First Amendment retaliation claims against Martin and Smith; his Eighth Amendment denial of medical and mental health care claims against Defendants Prince, Austin, and Ashton; and his Fourteenth Amendment due process claims against Defendants Martin, Smith, and Burla survive dismissal. His Eighth Amendment claims regarding the response to the COVID-19 pandemic as well as his Fourteenth Amendment due process claims related to his misconducts and resulting sanctions are **DISMISSED WITH PREJUDICE**. Any other claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted;

7. Plaintiff may file an amended complaint with respect to any of the claims dismissed without prejudice within thirty (30) days of the date of this Order. If Plaintiff elects to file an amended complaint, Plaintiff is advised to adhere to the standards set forth in the Federal Rules of Civil Procedure and the directives set forth by this Court in its accompanying Memorandum. Specifically, the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other documents already filed. The amended complaint should set forth Plaintiff's claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. The amended complaint should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which Plaintiff claims violated his rights. Mere conclusory allegations will not set forth cognizable claims. Importantly, should Plaintiff elect to file an amended complaint, he must re-plead every cause of action in the amended complaint that the Court has found to be adequately pled in the current complaint because the amended complaint will supersede the original

complaint. *See Knight v. Wapinsky*, No. 12-cv-2023, 2013 WL 786339, at *3 (M.D. Pa. Mar. 1, 2013) (stating that an amended complaint supersedes the original complaint). Because an amended complaint supersedes the original pleading, all causes of action alleged in the original complaint which are not alleged in an amended complaint are waived. *Id.* (citations omitted). Accordingly, Plaintiff's amended complaint must also set forth his First Amendment retaliation claims against Martin and Smith; his Eighth Amendment denial of medical and mental health care claims against Defendants Prince, Austin, and Ashton; and his Fourteenth Amendment due process claims against Defendants Martin, Smith, and Burla if he wishes to still proceed upon them as well;

8. The Clerk of Court is directed to mail Plaintiff a civil rights complaint form;

9. Plaintiff's motion to appoint counsel (Doc. No. 2) is **DENIED WITHOUT PREJUDICE**;

10. Plaintiff's motion for an extension of time (Doc. No. 9) to submit the full filing fee or a motion for leave to proceed *in forma pauperis* is **DENIED AS MOOT**; and

11. The Court will defer service of the complaint for thirty (30) days. If Plaintiff files an amended complaint, it will supersede the original complaint as set forth above. If Plaintiff fails to file an amended complaint within thirty (30) days of the date hereof, the Court will direct service of the original complaint upon Defendants Martin, Smith, Prince, Austin, Ashton, and Burla.

s/ Sylvia H. Rambo
United States District Judge